# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

| | |
|---|---|
| Hard Rock Café International (USA), Inc., a Delaware corporation, | CIVIL ACTION No. 17-CV-62013 |
| and | |
| Tarsadia Hotels, a California corporation, | |
| Plaintiffs, | |
| v. | |
| RockStar Hotels, Inc. a Florida corporation, | JURY TRIAL DEMANDED |
| Defendant. | |

**AMENDED MOTION FOR SUBSTITUTED SERVICE UPON FLORIDA SECRETARY OF STATE AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs Hard Rock Café International (USA), Inc., and Tarsadia Hotels ("Plaintiffs") hereby moves the Court for permission to serve RockStar Hotels, Inc. by Substituted Service serving the Secretary of State pursuant to Federal Rule of Civil Procedure 4(e)(2)(C), 4(h)(1), and Florida Statute 48.181.

Plaintiff has been unable to complete service on the registered agent of RockStar Hotels, Inc. Plaintiff previously filed a signed affidavit of Plaintiff's process server as ECF No. 7. Plaintiff then filed a motion for substituted service upon the Florida Secretary of State on October 19, 2017. *See* ECF No. 8. The initial affidavit, at ECF No. 7, explains the process server's attempts to serve the registered agent, including that the registered agent for RockStar Hotels, Inc., Robert Santucci, does not reside at the address identified as the proper address for service of process for the entity according to its current annual report. The amended affidavit has been re-submitted to the Court and is attached as **Exhibit A**. *See* ECF No. 10.

The Court denied the motion without prejudice because the affidavit did not state that it had attempted to serve Defendant between 10 a.m and 12 noon on a weekday.  *See* ECF No. 9.  The Court also noted that the times on the affidavit were listed in Pacific time, which has now been corrected to Eastern time.  *See* ECF No. 10 (Amended Affidavit).

Plaintiff has now further attempted to serve Defendant two times this week between 10 a.m. and 12 noon on a weekday, as requested by the Court.  *See* ECF No. 11.  The second affidavit is attached as **Exhibit B**.  It states, in relevant part, that attempts to serve were made on October 23, at 10:55am EDT, and October 24, 2017, at 11:02am EDT.  It provides the basis for this motion that the Court stated would satisfy this requirement.  *See* ECF No. 9, at 2.

Defendant RockStar Hotels, Inc. is not in compliance with Florida Statutes 48.081 and 48.091 for service of process on Florida corporations.  Specifically, Defendant has not maintained a registered office open from 10 a.m. to 12 noon each weekday, has not kept one or more registered agents on whom process may be served at the office during these hours, and has not kept a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

Because Defendant has failed to satisfy its obligations, substituted service upon the Secretary of State is proper in this circumstance.  *See* Florida Statute 48.181 ("The acceptance by any person or persons, individually or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and **any person who is a resident of the state** and who subsequently becomes a nonresident of the state or **conceals his or her whereabouts**, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the Secretary of State of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance

of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations.") (emphasis added).

Plaintiffs have complied with Local Rule 7.1(a)(3) to the extent possible to confer with the opposing party to resolve the issues raised by the motion by attempting service on multiple occasions, as noted in Exhibit A, but has been unable to do so.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seeks that the Court enter the proposed order, attached as **Exhibit C**, permitting the Plaintiff to serve RockStar Hotels, Inc. by hand-delivering a copy of the summons and complaint to the Florida Secretary of State pursuant to Florida Statute 48.181.

Dated: October 26, 2017

Respecfully submitted,

**DORSEY & WHITNEY LLP**

By:   <u>/s/Jeremy T. Elman</u>
      Jeremy T. Elman, Esq.  (FBN 37448)
      305 Lytton Avenue
      Palo Alto, CA 94301
      Tel:  650.843.2732
      Fax:  650.618.1955
      Email:  *elman.jeremy@dorsey.com*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of October, 2017, a true and correct copy of the foregoing instrument has been has been served by CM/ECF.

/s/ *Jeremy T. Elman*
Jeremy T. Elman

4835-6199-7650\1